O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PRICE,<br><br>    Petitioner,<br><br>  v.<br><br>DANIEL PARAMO,<br><br>    Respondent. | Case No. LA CV 15-8571- ODW (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), [Dkt. No. 1], Respondent's motion to dismiss the Petition ("Motion"), [Dkt. No. 16], the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 27], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 32], and the remaining record, and has made a *de novo* determination.

  In his Objections, Petitioner raises two issues that warrant brief discussion here.

  First, Petitioner argues that "[t]he Magistrate[,] in recommending to dismiss Petitioner[']s first claim[,] assumes that Petitioner was afforded a full and fair hearing." [Dkt. No. 32 at 12.] This is incorrect, and the Court is fully aware that

Petitioner's state habeas petitions were denied by the Los Angeles County Superior Court, the California Court of Appeal, and California Supreme Court.  (*See* R&R at 3.)  However, Petitioner's claim that, as a result of these denials, his "due process and equal protection [rights]" were violated, (Pet. at 5), is not cognizable on federal habeas review.  (*See* R&R at 3-4); *see also Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *Withers v. Rackley*, 2016 WL 4149962, at *2 (C.D. Cal. Aug. 3, 2016) ("[F]ederal habeas corpus is limited to an attack on a prisoner's detention, not an attack on a state postconviction proceeding collateral to that detention."); *Fong v. Arnold*, 2016 WL 1572951, at *2 (N.D. Cal. Apr. 14, 2016) ("[Federal habeas relief] is unavailable for alleged error in the state post-conviction review process.").

Second, Petitioner appears to challenge the validity of his plea by claiming that he was subject to prosecutorial vindictiveness.  [*See* Dkt. No. 32 at 14-15.]

As a rule, a claim of prosecutorial vindictiveness that amounts to a violation of due process can survive a guilty plea.  *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) (internal citation and quotation marks omitted), *amended*, 907 F.2d 115 (9th Cir. 1990).  However, this claim survives only when "the district court [can] determine that the government lacked the power to bring the indictment at the time of [] the guilty plea from the face of the indictment or from the record."  *United States v. Muhlenberg*, 2016 WL 3545607, at *1 (9th Cir. June 27, 2016) (internal citation and quotation marks omitted).  Thus, a petitioner must show that, at the time of the plea: "one, [] others similarly situated ha[d] not been prosecuted; and two, [] the allegedly discriminatory prosecution of the defendant was based on an impermissible motive."  *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992).

Here, Petitioner argues that, despite the alleged representations from his counsel and prosecuting attorney to the contrary, the victims of and witnesses to the underlying crimes were not in court to testify against him on the scheduled day of trial. [Dkt. No. 32 at 15, 23-41.]

1 As an initial matter, and to the extent that this is a prosecutorial vindictiveness
2 claim, Petitioner did not exhaust this claim in the state courts. (*See generally* Pet.); *see*
3 *also McKinney v. Foulk,* 2014 WL 2958001, at *1 (C.D. Cal. July 1, 2014) ("Even if
4 the Court theoretically has discretion to consider a habeas claim raised for the first
5 time in objections to an R & R,[], any claim challenging the sufficiency of the
6 evidence has not been exhausted in state court and therefore is not appropriate for
7 review . . . .").
8 In any event, the claim fails because when Petitioner agreed to the plea on July
9 18, 2006, (*see* R&R at 2), nothing on the face of the indictment or the record indicated
10 that he was being selectively prosecuted. *See Cortez*, 973 F.2d at 767. Instead, the
11 record showed that the charges against him (*i.e.*, lewd acts upon a child and forcible
12 oral copulation) were properly based on, *inter alia*, the testimony of law enforcement
13 officials who interviewed the victims. (*See* Reporter's Transcript at 5-30, 34-56.)

15 //

17 //

19 //

21 //

23 //

25 //

27 //

3

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Respondent's Motion to Dismiss, [Dkt. No. 16], is granted;
3. Judgment is entered denying the Petition and dismissing this action with prejudice; and
4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED:  October 14, 2016

                                              HON. OTIS D. WRIGHT II
                                         UNITED STATES DISTRICT JUDGE